Rosalino LOPEZ–GOMEZ, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–71879.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008 *.

Filed Nov. 5, 2008.

Sung U. Park, Esq., Law Offices of
Sung U. Park, Los Angeles, CA, for Peti-
tioner.

District Director, Office of the District
Counsel Department of Homeland Securi-
ty, San Diego, CA, Ronald E. Lefevre,
Chief Counsel, Office of the District Coun-
sel Department of Homeland Security, San
Francisco, CA, Michael P. Lindemann,
Esq., Ethan B. Kanter, Esq., DOJ–U.S.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM [**]

Rosalino Lopez–Gomez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") order denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir.2006), and we deny in part and dismiss in part the petition for review.

■ The BIA did not err in conducting a de novo review of Lopez–Gomez' due process claim and the discretionary denial of his cancellation application. *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("[The BIA] may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo."). Moreover, contrary to Lopez–Gomez' contention, the BIA explicitly considered relevant record evidence in evaluating whether Lopez–Gomez required a Mixteco interpreter.

■ The BIA correctly denied Lopez–Gomez's due process claim because Lopez–Gomez' counsel waived Mixteco translation, Lopez–Gomez confirmed he was comfortable proceeding in Spanish, and Lopez–Gomez failed to demonstrate that the Spanish interpreter prejudiced the outcome of his hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice for due process violation).

■ We lack jurisdiction to consider Lopez–Gomez' challenge to the agency's discretionary decision to deny his cancellation application. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

■ We also lack jurisdiction to consider Lopez–Gomez' contention that the IJ improperly relied on Lopez–Gomez' I–213 form because Lopez–Gomez failed to exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (generally requiring exhaustion of claims before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

